IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN M. BUFORD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. __1:23-cv-1193__ |
| | § | |
| | § | |
| WALTON TEXAS, LP, AND | § | |
| WALTON TEXAS GP, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walton Texas, LP and Defendant Walton Texas GP, LLC (collectively, "Defendants") hereby give notice of the removal of Cause No. 23-O-430, currently pending in the 421st District Court of Caldwell County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and state as follows:

### I.   THE NATURE OF THIS ACTION

1. The removed case is a civil action filed by Plaintiff John M. Buford ("Plaintiff") in the 421st District Court of Caldwell County, Texas, styled *John M. Burford v. Walton Texas, LP, and Walton Texas GP, LLC*, Cause No. 23-O-430 (the "State Court Action").

2. In his Original Petition ("Petition"), Plaintiff claims, as part of his employment with Defendants,[1] he made 1,164 acres of land in Caldwell County, Texas ready to sell. *See* Petition

---

[1] Plaintiff alleges he was an employee, but his employer was actually Walton Global Holdings, LLC, the ultimate parent company of Defendants in that it wholly owns Walton International Group, Inc. which is the parent corporation of Defendants as set forth below. Walton Global Holdings, LLC's sole member is Walton Development Holdings, Inc., a Delaware corporation. *See* 28 U.S.C. § 1332(c).

**DEFENDANTS' NOTICE OF REMOVAL – Page 1**
ACTIVE 690548551v2

¶¶ 12, 14. Plaintiff alleges that Defendants promised to pay him $259,000 for his services when the sale consummated, that he was terminated prior to the sale of the land, and that Walton terminated him to avoid paying the $259,000 when the land sale was scheduled to close on September 25, 2023. *Id.* ¶¶ 15, 19, 20.  Plaintiff asserts fraud and quantum meruit causes of action against Defendants. *Id.* ¶¶ 21–31.

## II. REMOVAL IS PROCEDURALLY PROPER

3. Venue for removal is proper in the Western District of Texas, Austin Division under 28 U.S.C. § 1441(a) because this district and division embrace the 421st Judicial District Court of Caldwell County, Texas, the forum in which the removed action is pending.

4. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b). Defendants received the Petition by a process server on September 22, 2023, and Defendants filed this Notice of Removal before thirty days expired after service.

5. A written notice attaching a copy of this Notice of Removal is being served on all parties and filed with the Clerk of the 421st Judicial District Court of Caldwell County, Texas, as provided by 28 U.S.C. § 1446(d).

6. True and correct copies of process, pleadings, and orders filed in the State Court Action are attached hereto as required by 28 U.S.C. § 1446(d):

> EXHIBIT A:    An index of all matters filed in the State Court Action.
>
> EXHIBIT B:    State Court docket.
>
> EXHIBIT C:    True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the judge in the State Court Action.
>
> EXHIBIT D:    Defendants' Rule 7.1 Disclosure Statement.

### III. THIS COURT HAS DIVERSITY JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and, therefore, this action may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Removal under Section 1441 is appropriate because Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.   Complete Diversity of Citizenship Exists Among the Parties.**

8. For diversity purposes, "a limited partnership is a citizen of each state in which its partners—both general and limited—hold citizenship." *Whalen v. Carter*, 954 F.2d 1087, 1095 (5th Cir. 1992) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). And "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf*, 542 F.3d 1077, 1080 (5th Cir. 2008).

9. Defendant Walton Texas GP, LLC is the sole general partner of Defendant Walton Texas, LP, and the sole limited partner in Walton Texas, LP is Walton International Group, Inc, a Nevada corporation based in Arizona.

10. The sole member in Defendant Walton Texas GP, LLC is Walton International Group, Inc, a Nevada corporation based in Arizona.

11. Plaintiff is a citizen of Texas for diversity jurisdiction purposes because Plaintiff is a Texas resident who resides in Harris County, Texas. *See* Petition ¶ 1.

12. Therefore, there is complete diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a).

**B.   The Amount in Controversy Exceeds the Statutory Minimum.**

12. For federal diversity jurisdiction to exist, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." *Id.* Diversity jurisdiction exists

where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003). In considering whether a removing defendant has met this burden, courts first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2)).

13. The amount in controversy set forth in Plaintiff's Petition exceeds $75,000, exclusive of interest and costs, as Plaintiff alleges Defendants owe him $259,000. *See* Petition ¶ 27; *see also* Petition ¶ 4 (". . . Plaintiff seeks monetary relief of over $250,000 but less than $1,000,000.").

14. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendants' rights to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency or lack of process or service of process, (iv) improper joinder of claims and/or parties, (v) failure to state a claim, (vi) failure to join an indispensable parties, and (vii) any other procedural or substantive defense available under state or federal law.

15. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present further evidence and oral argument in support of its position that this case was properly removed.

### IV.   JURY NOT DEMANDED

16. Plaintiff did not demand a jury in the State Court Action.

## V. CONCLUSION

17. For the foregoing reasons, Defendants hereby remove the State Court Action pending in the 421st Judicial District Court of Caldwell County, Texas to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and request that further proceedings be conducted in the Austin Division of the U.S. District Court of the Western District of Texas as provided by law.

Respectfully submitted,

/s/ Karl G. Dial
Karl G. Dial
  State Bar No. 05800400
  dialk@gtlaw.com

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on October 3, 2023, a true and correct copy of the above and foregoing was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court and also was served by electronic mail on Plaintiff's counsel.

/s/ Karl G. Dial
Karl G. Dial