RECEIVED
NOV 20 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
NOV 20 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN M. BUFORD, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1:23-cv-1193-RP |
| WALTON TEXAS, LP, WALTON TEXAS GP, LLC, and WALTON GLOBAL HOLDINGS, LLC | § § § § § | JURY TRIAL REQUESTED |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff John M. Buford files this his First Amended Complaint respectfully showing the Court as follows:

### PRELIMINARY STATEMENT

1. Plaintiff John M. Buford seeks recovery of $259,000 in payment for work performed to enable the sale of various properties for development of a solar energy farm in Caldwell County, Texas.

2. Plaintiff's claims against defendants Walton Texas, LP and Walton Texas GP, LLC (the "Walton Texas" entities) are based in fraud and quantum meruit. In the alternative, Plaintiff asserts a claim against Walton Global Holdings, LLC ("Walton Holdings") for breach of contract.

### PARTIES

3. Plaintiff John M. Buford is an individual domiciled in Harris County, Texas and who may be served through his attorney of record, Katherine Mize, at 717 Texas, Suite 1200, Houston, Texas 77002.

1

4.     Defendant Walton Texas, LP is a Texas limited partnership which has appeared in this action through its attorney of record, Karl G. Dial, at 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201.

5.     Defendant Walton Texas, GP, LLC is a Texas Limited Liability Company which has appeared in this action through its attorney of record, Karl G. Dial, at 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201.

6.     Walton Global Holdings, LLC is, upon information and belief, a Delaware limited liability company that is not authorized to do business in Texas. Its address is 8800 N. Gainey Center Drive, Suite 345, Scottsdale, Arizona 85258.

## JURISDICTION

7.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship. Plaintiff is a citizen of Texas. The Walton Texas defendants are citizens of Nevada, and Walton Global is a citizen of Delaware. Jurisdiction is also proper as the amount in controversy exceeds $75,000.

## VENUE

8.     Venue is proper in this court 18 U.S.C. § 1391(b)(2) because the real property at issue is located in Caldwell County.

## Discovery Level

9.     This case is filed as a Level 2 case pursuant to Texas Rule of Civil Procedure 190.3(a).

## RELEVANT FACTS

10.    Plaintiff Mr. Buford was hired by Walton Global to perform work for the Walton Texas entities as necessary to prepare for sale the following parcels of land,

totaling 1,164 acres, to be sold to Genesis Consolidated Industries, Inc. for the establishment of a major solar project:

**TRACT 1:** Being 311.43 acres of land, more or less, in the ELBERT HINES SURVEY, ABSTRACT NO. 123, situated in Caldwell County, Texas, being a portion of that tract conveyed in Volume 568, Page 119, of the Official Public Records of Caldwell County, Texas and as more particularly described by metes and bounds in Exhibit "D" attached hereto.

**TRACT 2:** Intentionally Deleted.

**TRACT 3:** Being 152.01 acres of land, more or less, in the ELBERT HINES SURVEY, ABSTRACT NO. 123, situated in Caldwell County, Texas, being that same tract conveyed in Volume 640, Page 852, of the Official Public Records of Caldwell County, Texas and as more particularly described by metes and bounds in Exhibit "E" attached hereto.

**TRACT 4:** Being 303.422 acres of land, more or less, in the ELBERT HINES SURVEY, ABSTRACT NO. 123, situated in Caldwell County, Texas, being a portion of that tract conveyed in Volume 617, Page 785, of the Official Public Records of Caldwell County, Texas and as more particularly described by metes and bounds in Exhibit "F" attached hereto.

**TRACT 5:** Being approximately 397.49 acres, more or less, in the ELBERT HINES SURVEY, ABSTRACT NO. 123, situated in Caldwell County, Texas, being out of that certain 682.21 acres of land as conveyed in Volume 591, Page 449, of the Official Public Records of Caldwell County, Texas and more particularly described by metes and bounds in Exhibit "G" attached hereto.

11.  The metes and bounds of Tract 1 are as follows:

A 312.43 acres (13,609,493 square feet), tract of land, lying within the Elbert Hines Survey, Abstract 123, Caldwell County, Texas, and being all of a called 312.48 acre tract, conveyed to Walton Texas, LP in Volume 568, Page 119, Official Public Records of Caldwell County, Texas, described as follows:

BEGINNING at a 1/2" iron pipe found for the northern corner of said 312.48 acre tract, the eastern corner of a called 17.691 acre tract, conveyed to Nancy Doehne Tropoli and Mark Wayland Doehne in Document No. 141926, Official Public Records of Caldwell County, Texas and also being on the arc of a curve to the left on the southwestern right-of-way line of Farm to Market Road 2720, (80' right-of-way), for the POINT OF BEGINNING and the northern corner of the herein described tract;

THENCE, with the northeastern line of said 312.48 acre tract and also being the said southwestern right-of-way line of Farm to Market Road 2720, the following three (3) courses and distances: 1. With said curve to the left, an arc distance of 199.24 feet, having a radius of 2904.81 feet, an angle of 3° 55' 48", and a chord bearing S 39° 56' 19" E, a distance of 199.20 feet to a concrete monument found; 2. S 40° 36' 58" E, a distance of 703.93 feet to a 1/2" iron rod found at the point of curvature of a curve to the left; 3. With said curve to the left, an arc distance of 190.83 feet, having a radius of 1185.96 feet, an angle of 9° 13' 09", and a chord bearing S 45° 29' 48" E, a distance of 190.62 feet to a 1/2"

iron rod found for an angle corner of said 312.48 acre tract and also being on the southwestern right-of-way line of a gravel road (no record information found);

THENCE, with the northeastern line of said 312.48 acre tract and also being the said southwestern right-of-way line of the gravel road, S 41° 39' 51" E, a distance of 925.10 feet to a 3" axle found for the eastern corner of said 312.48 acre tract and of the herein described tract and also being the northern corner of a called 152.00 acre tract, conveyed to Walton Texas, LP in Volume 640, Page 852, Official Public Records of Caldwell County, Texas;

THENCE, with the southeastern line of said 312.48 acre tract and also being the northwestern line of said 152.00 acre tract, the following two (2) course and distances: 1. S 48° 37' 25" W, a distance of 3093.18 feet to a 1/2" iron rod found; 2. S 48° 36' 43" W, a distance of 1921.04 feet to a 1/2" iron rod with red cap found for and angle corner of said 312.48 acre tract, the western corner of said 152.00 acre tract and also being the northern corner of a called 151.08 acre tract, conveyed to Opal H. McGee in Document No. 132107, Official Public Records of Caldwell County, Texas;

THENCE, with the southeastern line of said 312.48 acre tract and also being the northwestern line of said 151.08 acre tract, S 48° 23' 02" W, a distance of 993.95 feet to a 3" iron pipe found for the southern corner of said 312.48 acre tract and of the herein described tract, an angle corner of said 151.08 acre tract and also being the eastern corner of a called 180.57 acre tract, conveyed to EMG Properties, LLC in Document No. 2014-006176, Official Public Records of Caldwell County, Texas;

THENCE, with the southwestern line of said 312.48 acre tract and also being the northeastern line of said 180.57 acre tract, N 41° 23' 17" W, a distance of 2387.38 feet to a 1/2" iron rod found for the eastern corner of said 312.48 acre tract and of the herein described tract, the northern corner of said 180.57 acre tract, and also being on the southeastern right-of-way line of County Road 228/Farmers Road;

THENCE, with the northwestern line of said 312.48 acre tract and also being the said southeastern right-of-way line of County Road 228/Farmers Road, N 48° 24' 32" E, a distance of 4021.00 feet to a 1/2" iron rod found for an ell corner of said 312.48 acre tract and also being the western corner of said 17.691 acre tract;

THENCE, with a northeastern line of said 312.48 acre tract and also being the southwestern line of said 17.691 acre tract, S 41° 23' 31" E, a distance of 379.53 feet to a 1/2" iron rod found for an ell corner of said 312.48 acre tract and also being the southern corner of said 17.691 acre tract;

THENCE, with a northwestern line of said 312.48 acre tract and also being the southeastern line of said 17.691 acre tract, N 48° 37' 38" E, a distance of 1983.57 feet to the POINT OF BEGINNING. Containing 312.43 acres or 13,609,493 square feet, more or less. Page 2 of 2 SAVE AND EXCEPT A 1.00 acres (43,560 square feet), tract of land, lying within the Elbert Hines Survey, Abstract 123, Caldwell County, Texas, and being all of a called 1.00 acre tract, conveyed to B.S. Aupperle in Document No. 134925, to Meredith

Spears in Document No. 2022-008212, to Molly B. Quirk in Document No. 2022-008214, to Sandy Garcia Hoy in Document No. 2022-008216, and to John Havenstrite in Document No. 2023-00854, Official Public Records of Caldwell County, Texas, described as follows: COMMENCING at a 3" iron pipe found for the southern corner of said 312.48 acre tract, an angle corner of said 151.08 acre tract and also being the eastern corner of said 180.57 acre tract;

THENCE, over and across said 312.48 acre tract, the following five (5) courses and distances: 1. N 41° 48' 01" E, a distance of 441.87 feet to the POINT OF BEGINNING and the southern corner of the herein described tract; 2. N 41° 32' 51" W, a distance of 208.71 feet to a point for the western corner of the herein described tract; 3. N 48° 27' 09" E, a distance of 208.71 feet to a point for the northern corner of the herein described tract; 4. S 41° 32' 51" E, a distance of 208.71 feet to a point for the eastern corner of the herein described tract; 5. S 48° 27' 09" W, a distance of 208.71 feet to the POINT OF BEGINNING. Containing 1.00 acres or 43,560 square feet, more or less.

BEARING BASIS NOTE

This project is referenced for all bearing and coordinate basis to the Texas State Plane Coordinate System NAD 83 (2011 adjustment), South Central Zone (4204). The grid to surface combined scale factor is 1.00013.

12. The metes and bounds of Tract 3 are as follows:

A 152.01 acres (6,621,419 square feet), tract of land, lying within the Elbert Hines Survey, Abstract 123, Caldwell County, Texas, and being all of a called 152.00 acre tract, conveyed to Walton Texas, LP in Volume 640, Page 852, Official Public Records of Caldwell County, Texas, described as follows:

BEGINNING at a 3" axel found for the northern corner of said 152.00 acre tract, the eastern corner of a called 312.48 acre tract, conveyed to Walton Texas, LP in Volume 568, Page 119, Official Public Records of Caldwell County, Texas and also being on the southwestern right-of-way line of a gravel road (no record information found), for the POINT OF BEGINNING and the northern corner of the herein described tract;

THENCE, with the northeastern line of said 152.00 acre tract and also being the said southwestern right-of-way line of the gravel road, S 40° 43' 37" E, a distance of 19.88 feet to a 1/2" iron rod found for the eastern corner of said 152.00 acre tract and of the herein described tract and also being an ell corner of a called 464.83 acre tract, conveyed to RUC Holdings ULC in Document No. 2018-003683, Official Public Records of Caldwell County, Texas;

THENCE, with a southeastern line of said 152.00 acre tract and also being a northwestern line of said 464.83 acre tract, S 48° 36' 36" W, a distance of 547.38 feet to a 1/2" iron rod with Atwell cap set for an angle corner of said 152.00 acre tract, the western corner of said 464.83 acre tract and also being the northern corner of a called 682.21 acre tract, conveyed to Walton Texas, LP in Volume 591, Page 449, Official Public Records of Caldwell County, Texas;

5

THENCE, with a southeastern line of said 152.00 acre tract and also being a northwestern line of said 682.21 acre tract, S 48° 37' 08" W, a distance of 2546.02 feet to a 1/2" iron rod with Atwell cap set for an ell corner of said 152.00 acre tract, the herein described tract and also being the western corner of said 682.21 acre tract;

THENCE, with a northeastern line of said 152.00 acre tract and also being a southwestern line of said 682.21 acre tract, S 41° 01' 11" E, a distance of 3397.52 feet to a 1/2" iron rod with Atwell cap set for an ell corner of said 152.00 acre tract, the herein described tract and said 682.21 acre tract;

THENCE, with a southeastern line of said 152.00 acre tract and also being a northwestern line of said 682.21 acre tract, S 48° 44' 06" W, a distance of 1920.06 feet to a 1/2" iron rod with Atwell cap set for the southern corner of said 152.00 acre tract and of the herein described tract, an ell corner of said 682.21 acre tract and also being on the northeastern line of a called 297.18 acre tract, conveyed to Millennium Interests, LTD in Document No. 2020-000497, Official Public Records of Caldwell County, Texas;

THENCE, with the southwestern line of said 152.00 acre tract and also being the northeastern line of said 297.18 acre tract, of a called 151.142 acre tract, conveyed to Ronald Gregg Hohertz, Rhonda Lea Covarrubias and Clay Kendall Hohertz in Document No.126771, Official Public Records of Caldwell County, Texas and of a called 151.08 acre tract, conveyed to Opal H. McGee in Document No. 132107, Official Public Records of Caldwell County, Texas, N 41° 01' 50" W, a distance of 3413.60 feet to a 1/2" iron rod with cap found for the western corner of said 152.00 acre tract and of the herein described tract, the northern corner of said 151.08 acre tract and also being on the southeastern line of said 312.48 acre tract;

THENCE, with the northwestern line of said 152.00 acre tract and also being the said southeastern line of said 312.48 acre tract, the following two (2) courses and distances:

1. N 48° 36' 43" E, a distance of 1921.04 feet to a 1/2" iron rod found;

2. N 48° 37' 25" E, a distance of 3093.18 feet to the POINT OF BEGINNING.

Containing 152.01 acres or 6,621,419 square feet, more or less.

BEARING BASIS NOTE

This project is referenced for all bearing and coordinate basis to the Texas State Plane Coordinate System NAD 83 (2011 adjustment), South Central Zone (4204). The grid to surface combined scale factor is 1.00013.

     13.    The metes and bounds of Tract 4 are as follows:

A 303.422 acres (13,217,072 square feet), tract of land, lying within the Elbert Hines Survey, Abstract 123, Caldwell County, Texas, and being a portion of a called 323.501 acre tract, conveyed to Walton Texas, LP in Volume 617, Page 785, Official Public Records of Caldwell County, Texas, described as follows:

BEGINNING at a T Post found for the western corner of said 323.501 acre tract, the northern corner of a called 121.168 acre tract, conveyed to Rodney Duane Germer and Lisa Nelson-Germer in Volume 526, Page 681, Official Public Records of Caldwell County, Texas and also being in the right-of-way of County Road 229/Misty Lane, (no right-of-way information found), for the POINT OF BEGINNING and the western corner of the herein described tract;

THENCE, with the northwestern line of said 323.501 acre tract, N 48° 12' 10" E, over and across the said right-of-way of County Road 229/Misty Lane, a distance of 4747.42 feet to a iron rod with "ATWELL" cap set, from which a 1/2" iron rod with "BURY AND ASSOCIATES" cap found on the said northwestern line of the 323.501 acre tract bears, N 48° 12' 10" E, a distance of 236.62 feet;

THENCE, over and across said 323.501 acre tract, the following four (4) courses and distances:

1. S 41° 47' 50" E, a distance of 500.21 feet to a iron rod with "ATWELL" cap set;
2. N 48° 12' 10" E, a distance of 576.62 feet to a iron rod with "ATWELL" cap set for the northern corner of the herein described tract;
3. S 65° 32' 22" E, a distance of 815.12 feet to a iron rod with "ATWELL" cap set;
4. N 46° 57' 38" E, a distance of 219.95 feet to a iron rod with "ATWELL" cap set on the northeastern line of said 323.501 acre tract and also being the southwestern right-of-way line of County Road 229/Misty Lane, (no right-ofway information found), from which a 1/2" iron rod with BURY AND ASSOCIATES cap found on the said northeastern line of the 323.501 acre tract and also being the southwestern right-of-way line of County Road 229/Misty Lane, bears N 43° 02' 22" W, a distance of 1200.30 feet;

THENCE, with the northeastern line of said 323.501 acre tract and also being the southwestern right-of-way line of County Road 229/Misty Lane, S 43° 02' 22" E, a distance of 1123.30 feet to a 1/2" iron rod with BURY AND ASSOCIATES cap found for the eastern corner of said 323.501 acre tract and of the herein described tract and being on the northwestern right-of-way line of County Road 230/Jolly Road, (no right-of-way information found);

THENCE, with the southeastern line of said 323.501 acre tract and also being the northwestern right-of-way line of County Road 230/Jolly Road, S 47° 47' 10" W, a distance of 912.64 feet to a 1/2" iron rod with BURY AND ASSOCIATES cap found;

THENCE, continuing with the southeastern line of said 323.501 acre tract and over and across the right-of-way of County Road 230/Jolly Road, the following two (2) courses and distances:

1. S 41° 59' 21" E, a distance of 21.61 feet to a 1/2" iron rod found;

2. S 48° 12' 03" W, a distance of 2433.02 feet to a 6" steel post found on line, being on the southwestern right-of-way of County Road 230/Jolly Road and also being the northern corner of a called 69.37 acre tract, Tract A, conveyed to Leita Miller in Volume 106, Page 286, Official Public Records of Caldwell County, Texas;

THENCE, continuing with the southeastern line of said 323.501 acre tract, with the northwestern line of said 69.37 acre tract and also being the northwestern line of a called 59.693 acre tract, conveyed to Bruce Edward Germer and Peggy S. Germer in Volume 526, Page 687, Official Public Records of Caldwell County, Texas, S 48° 12' 03" W, a distance of 2569.67 feet to a 8" treated fence post found for the southern corner of said 323.501 acre tract and of the herein described tract, the eastern corner of said 121.168 acre tract and also being an angle point of said 59.693 acre tract;

THENCE, with the southwestern line of said 323.501 acre tract and also being the northeastern line of said 121.168 acre tract, N 41° 20' 54" W, a distance of 2393.08 feet to the POINT OF BEGINNING.

Containing 303.422 acres or 13,217,072 square feet, more or less.

BEARING BASIS NOTE
This project is referenced for all bearing and coordinate basis to the Texas State Plane Coordinate System NAD 83 (2011 adjustment), South Central Zone (4204).

    14.    The metes and bounds of Tract 5 are as follows:

BEGINNING at a 6" cedar fence post found for the southern corner of said 682.21 acre tract, the eastern corner of a called 296.5 acre tract, conveyed to Dan M Connolly in Volume 346, Page 920, Official Public Records of Caldwell County, Texas and also being on the northwestern right-of-way line of County Road 229/Misty Lane, (no right-of-way information found), for the POINT OF BEGINNING and the southern corner of the herein described tract;

THENCE, with the southwestern line of said 682.21 acre tract, the northeastern line of said 296.5 acre tract and also being the northeastern line of a called 297.18 acre tract, conveyed to Millennium Interests, LTD in Document No. 2020-000497, Official Public Records of Caldwell County, Texas, N 41° 00' 01" W, a distance of 5723.84 feet to a 1/2" iron rod with Atwell cap set for an ell corner of said 682.21 acre tract, an angle corner of said 297.18 acre tract and also being the southern corner of a called 152.00 acre tract, conveyed to Walton Texas, LP in Volume 640, Page 852, Official Public Records of Caldwell County, Texas;

THENCE, with a northwestern line of said 682.21 acre tract and also being a southeastern line of said 152.00 acre tract, N 48° 44' 06" E, a distance of 1920.06 feet to a 1/2" iron rod with Atwell cap set for an ell corner of said 682.21 acre tract and said 152.00 acre tract;

THENCE, with the southwestern line of said 682.21 acre tract and also being a northeastern line of said 152.00 acre tract, N 41° 01' 11" W, a distance of 3397.52 feet to a 1/2" iron rod with Atwell cap set for the western corner of said 682.21 acre tract and also being an ell corner of said 152.00 acre tract, for the western corner of the herein described tract;

THENCE, with the northwestern line of said 682.21 acre tract and also being a southeastern line of said 152.00 acre tract, N 48° 37' 08" E, a distance of 665.66 feet to a 1/2" iron rod with Atwell cap set for the northern corner of the herein described tract;

THENCE, over and across said 682.21 acre tract, the following five (5) course and distances:

1. S 41° 31' 55" E, passing at a distance of 3496.13 feet a iron rod with 2" "KENT McMILLAN" aluminum cap found, in all a total distance of 6204.62 feet to a 1/2" iron rod with Atwell cap;
2. S 41° 20' 41" E, a distance of 761.52 feet to a iron rod with 2" "KENT McMILLAN" aluminum cap found;
3. S 41° 21' 03" E, a distance of 1416.34 feet to a iron rod with 2" "KENT McMILLAN" aluminum cap found;
4. S 41° 15' 22" E, a distance of 658.95 feet to a iron rod with 2" "KENT McMILLAN" aluminum cap found for the eastern corner of the herein described tract;
5. S 48° 51' 21" W, a distance of 63.82 feet to a iron rod with a 3" aluminum cap found on the southeastern line of said 682.21 acre tract and also being the northwestern right-of-way line of County Road 229/Misty Lane;

THENCE, with the southeastern line of said 682.21 acre tract and also being the northwestern right-of-way line of County Road 229/Misty Lane, the following five (5) courses and distances:

1. S 49° 32' 02" W, a distance of 691.51 feet to a 6" cedar fence post found;
2. S 42° 28' 47" W, a distance of 568.39 feet to a 6" cedar fence post found;
3. S 46° 06' 52" W, a distance of 316.98 feet to a 6" cedar fence post found;
4. S 47° 15' 50" W, a distance of 411.83 feet to a 6" cedar fence post found;
5. S 48° 21' 17" W, a distance of 610.08 feet to the POINT OF BEGINNING.

Containing 397.49 acres or 17,314,768 square feet, more or less.

BEARING BASIS NOTE

This project is referenced for all bearing and coordinate basis to the Texas State Plane Coordinate System NAD 83 (2011 adjustment), South Central Zone (4204). The grid to surface combined scale factor is 1.00013.

15. Mr. Buford worked for more than a year to prepare the above-referenced 1,164 acres for sale. Mr. Buford's duties included, but were not limited to, the following material acts without which the sale of the property could not have proceeded:

   a. Overseeing the division and annexation mechanics of multiple Ranch at Clear Fork Creek municipal utility district(s);

   b. Arranged for contract purchaser of adjacent property to release 54.5 acres of land from their sale contract, and added this acreage to the Genesis contract, in order to optimize the solar project's access to high voltage overhead power lines;

   c. Oversaw and coordinated an April 2023 sale to a wastewater utility holding company for approximately 20 acres in order to provide a sewer solution in order for the property to be sold;

   d. Worked on selling water line easements to the current water Certificates of Convenience and Necessity holders in order to effect a water solution for the property to be sold;

   e. Worked with Walton's attorneys on finalizing all closing documentation related to the sale;

   f. Attending regional economic development meetings regarding the award of economic incentives to Genesis' solar power project;

   g. Overseeing communication with the buyer regarding the status of state agency-level approvals; and

  h. Overseeing communication with the buyer regarding the status of financing commitments.

16. Mr. Buford worked far more than 40 hours per week and missed many days and nights with his family in order to get the property ready for sale.

17. Mr. Buford was the *only* employee in Texas who was handling these matters.

18. The offer letter to Mr. Buford specifically referenced two different bonus programs: the Discretionary Bonus Program and the Walton Employment Incentive Program.

19. In August 2022, Mr. Buford was provided details about a third bonus program, the Walton Asset Management Incentive Bonus Structure specifically for General Managers such as Mr. Buford.

20. That document allowed recipients to calculate the exact amount bonus they would receive under the new program. Mr. Buford would receive $259,000 in connection with his work on the Caldwell County solar farm project.

21. All of the bonus programs highly incentivized Mr. Buford's work throughout his employment.

22. Mr. Buford relied on the promises of bonuses and focused his efforts entirely on achieving the sale of the land as soon as possible.

23. Mr. Buford's efforts were successful, and the closing of the 1,164 acre land sale was set for September 25, 2023, or on or about that date.

24. On Tuesday, September 5, 2023, the defendants flew Mr. Buford to Scottsdale, Arizona for a meeting about the closure of the transaction, expected by the end of the month.

25.  Walton Global CEO Bill Doherty invited Mr. Buford to a dinner that night in Scottsdale, Arizona held to celebrate the upcoming closing.

26.  Defendants terminated Mr. Buford on September 11, 2023, just 10 business days before the originally-scheduled closing.

27.  Upon information and belief, defendants terminated Mr. Buford solely to avoid paying him the promised $259,000 after having received all the benefits of Mr. Buford's work to achieve the $259,000 payment.

28.  Although the closing has since been postponed due to the buyer making some changes in its financing structure–an issue unconnected with Mr. Buford's work– the transaction is still expected to close by the end of November, and certainly by the end of 2023. The closing could not happen without Mr. Buford's work.

## COUNT 1: FRAUD

29.  Defendants falsely represented to Mr. Buford in writing that he would be paid $259,000 upon sale of the 1,164 acres.

30.  Mr. Buford relied on the defendants' false representation and made great personal sacrifices in reliance on Walton's promise.

31.  Defendants' promise to pay Mr. Buford the $259,000 was false, as Walton has advised Mr. Buford that because he is no longer employed, he will not receive the promised $259,000.

32.  Defendants knew at the time they made the promise to Mr. Walton that they had no intention of fulfilling the promise to pay Mr. Buford the $259,000.

33. Alternatively, the defendants made the promise to pay Mr. Buford the $259,000 recklessly and without any knowledge of the truth and as a positive assertion, intending that Mr. Buford rely on the promise.

34. Mr. Buford relied on the defendants' false promise to his detriment, forgoing other opportunities in reliance on the promise of receiving $259,000 upon closing of the transaction Mr. Buford's efforts made possible.

35. Mr. Buford has suffered damages in the amount of $259,000 plus his attorney's fees.

### COUNT 2: QUANTUM MERUIT

36. Mr. Buford went above and beyond in his efforts to get the sale of the 1,164 acres over the finish line.

37. As of the date the defendants terminated Mr. Buford, Mr. Buford had completed all the work necessary for him to earn the promised $259,000.

38. The reasonable value of Mr. Buford's work, for which he has yet to be paid, is $259,000.

39. Mr. Buford seeks damages of $259,000 plus attorney's fees.

### COUNT 3: BREACH OF CONTRACT

40. Mr. Buford received an offer letter from Walton Holdings. It references two bonus programs.

41. In August 2022, Mr. Buford received details of a third bonus program.

42. Defendants have failed to comply with the terms of their bonus programs.

43. Mr. Buford has been damaged as a result, in an amount of at least $259,000.

**CONDITIONS PRECEDENT**

44. All conditions precedent to recovery have been performed.

**PRAYER**

Plaintiff John M. Buford seeks recovery of at least $259,000 plus his attorney's fees, and all other damages, general and special, and all other relief, legal and equitable, to which he lawfully may be entitled.

Respectfully Submitted,

Katherine T. Mize
Attorney-in-Charge
State Bar No. 00784617
katherine.mize@mizepc.com
Amber Morrison
State Bar No. 24106344
amber.morrison@mizepc.com
717 Texas Avenue, Suite 1200
Houston, Texas 77002
Telephone: (713) 595-9675
Facsimile: (713) 595-9670

ATTORNEYS FOR PLAINTIFF,
JOHN M. BUFORD

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2023 the foregoing Plaintiff's First Amended Complaint was electronically served by email to the following counsel of record for the defendants:

Karl Dial | dialk@gtlaw.com
Alyssa Johnston | johnstona@gtlaw.com
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

/s/ *Amber Morrison*
Amber Morrison



FROM:
Amber Morrison
Mize PC
717 Texas, Suite 1200
Houston, TX 77002

TO:
The Honorable Robert Pitman
U.S. District Clerk's Office
501 West Fifth Street
Suite 1100
Austin, TX 78701